UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 98-60349
Summary Calendar
_____

MICHAEL P. DAUL,

Petitioner,

VERSUS

PETROLEUM COMMUNICATIONS, INC.; TRAVELERS
INSURANCE COMPANY; DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR,

Respondents.

_____

Petition for Review of an Order of the
Benefits Review Board
_____

December 8, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:

Michael P. Daul (hereinafter "petitioner") filed a claim for benefits pursuant to the United States Longshore and Harbor Workers' Compensation Act (hereinafter the "Act") against his employer, Petroleum Communications, Inc. (hereinafter "Petro Comm"), and its compensation insurer, Travelers Insurance Company. The claim proceeded to trial before an administrative law judge (hereinafter the "ALJ") who issued a decision and order denying

benefits. The ALJ found that petitioner was a "salesman of cellular air time for his employer, Petroleum Communications, Inc." and that he was barred from coverage by the "vendor exclusion" set forth at 33 U.S.C. § 902(3)(D). The Benefits Review Board affirmed the decision and order of the ALJ. Petitioner filed a petition for review with this Court. For the reasons stated hereinafter, we DENY the petition.

## BACKGROUND

Petro Comm is one of two companies licensed to provide cellular telephone communications to users in the Gulf of Mexico. Petro Comm sells air time and either sells or leases equipment that facilitates the use of that air time. When new equipment is being installed or existing equipment is undergoing major relocations, Petro Comm subcontracts such work to SOLA Communications, Inc. and its technicians who accomplish the actual installation and relocation work required. The petitioner had worked for Petro Comm since 1989 and his title was "communications consultant." A Petro Comm communications consultant's duties are to maintain customer relations, to call on customers, to transport new equipment offered by Petro Comm to customers, and to attempt to sell such equipment and air time to them, and to pick up broken or defective equipment and/or return repaired equipment.

On Monday, May 15, 1995, petitioner accompanied a technician

2

from SOLA Communications, Inc. to the Houma office of Global Pipelines Plus, Inc. (hereinafter "Global") for the purpose of installing equipment on the barge CHICKASAW, which was owned by Global and was docked on the Houma navigational canal. While descending steps on the barge carrying a desk phone, the petitioner slipped and fell allegedly because of "slippery food material" on the stairs. Following his injury, petitioner received worker's compensation benefits under the Louisiana Worker's Compensation law from June 12, 1995, to the date of hearing before the ALJ in this claim.

The critical issue in this case is whether petitioner was barred from coverage by the "vendor exclusion" in 33 U.S.C. § 902(3)(d).[1]  The ALJ found:

   a.   that Petro Comm derives 95% of its revenues from the

---

[1]  The relevant portions of § 902(3)(d) are as follows:

(3)  The term "employee" means any person engaged in maritime employment, . . . but such term does not include --

* * *

(D) individuals who (i) are employed by suppliers, transporters, or vendors, (ii) are temporarily doing business on the premises of an employer described in paragraph (4), and (iii) are not engaged in work normally performed by employees of that employer under this Chapter;

* * *

If individuals described in clauses (A) through (F) are subject to coverage under a state worker's compensation law.

3

sale of air time and that petitioner spends a majority of his work time in "public relations" capacity which contributed to the sale of air time to customers of Petro Comm such that claimant is engaged in "selling employer's product."

b.    that petitioner, at the time of his injuries, was temporarily doing business on the premises of Global, a maritime employer within the meaning of 33 U.S.C. § 902(4); and

c.    that the work which petitioner performed aboard the CHICKASAW involved assisting in the installation of new cellular equipment and in maintaining good relations with Global in the hope of furthering sales of cellular air time; and that employees of Global did not normally perform either of these tasks.

The Benefits Review Board affirmed these factual findings; and based thereon affirmed the ALJ's conclusion that petitioner is excluded from coverage under the Act and that petitioner is not entitled to coverage simply by virtue of an injury on actual navigable waters.

## CONCLUSION

Petitioner timely filed a petition for review with this Court and neither party has asked for oral argument. We have carefully reviewed the briefs, the record excerpts, and relevant portions of

4

the record itself.  We find that the factual findings of the ALJ, which were affirmed by the Benefits Review Board, are amply supported by substantial evidence.  We further find that the conclusion of law that petitioner is excluded from coverage under the Act by the provisions of 33 U.S.C. § 902(3)(D), which was the conclusion of the ALJ affirmed by the Benefits Review Board, is fully consistent with applicable law.  Accordingly, the petition for review is

**DENIED.**

5